# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 9, 1920.

---

THE STATE OF MARYLAND
VS.
GERMAIN LAMMONIER.

---

*J. Bernard Wells*, Assistant State's Attorney, for the State of Maryland.

*Charles Morris Howard* and *Lucius Q. C. Lamar* for defendant.

STUMP, J.—

The rule that a driver must look out for what is coming in on his right is a rule that usually determines the court's action where there is any difficulty found in the deciding of these cases, and it is a rule that imparts a feeling of assurance to the court in reaching its decision and will operate to give the benefit to the man coming in on the right. In this case there is a conflict of testimony. The man going east says that he was going at a moderate rate of speed and that the man coming north was coming at a rapid rate of speed. The man going north says that he was going at a moderate rate of speed and that the man going east was going at a very rapid rate; and the man who was going north gives a reason for his going at a moderate rate of speed, when he says, as a physical fact, that he started at a point not far from the spot of the collision. Now, the further fact, physical fact, seems to be that the man going east was going up grade and in low speed.

(By Mr. Wells) In second, your Honor. He was going in second, he said.

(By the Court) Not in low speed but in second, yes. (Continuing) That the man going north, while not starting from a great distance away, was going down grade. The man going north had not had much experience, but that in itself does not condemn him. Some people learn more in a minute than others do in a week; but the man going east was exercising his, you may say, life-time calling and, as far as the evidence goes, he had so far exercised it for many years in a very efficient manner.

The money that is involved in this case is not, I suppose, a very material matter. I do not know what the bills were, but that is not a matter that should be considered by the court any way in passing judgment in this case.

The rule that the man coming in on the right must be looked out for is not any guarantee as it appears under the law, that the man coming in on the right had any right to come in without any regard to the consequences. Now, these witnesses may be honest and I think the testimony of all of them may be reconciled as far as their purpose goes, that is, as to their veracity. It may be that it appeared to each man that the other car was going more rapidly than the car that he was in.

I must say that this case has given the court some difficulty in arriving at a verdict, but at the same time, I do feel that the traverser, when you consider his record, should have the benefit in this instance.

Now, I do not mean at all by that statement to intimate or to do anything that tends to weaken the observance of the rule that the man coming in on the right has the right of way, or that the man approaching that

intersection of the street should not have his machine under control. I simply state that in the case of this particular traverser, I think the court should give him the benefit of the doubt, and so I find him not guilty.